1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

|  |  |
|---|---|
| HOWARD YOUNG, | Case No.  5:24-cv-06343-BLF |
| Plaintiff, | |
| v. | **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS, AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** |
| SANTA CLARA COUNTY, et al., | |
| Defendants. | [Re:  ECF Nos. 9, 14] |

Before the Court are Defendants County of Santa Clara and Jess B. Guy's Motion to Dismiss Plaintiff's First Amended Complaint, ECF No. 14 ("MTD"), and Plaintiff's Motion for Summary Judgment, ECF No. 9 ("MSJ").  Plaintiff opposed Defendants' motion, ECF No. 19 ("MTD Opp."), and Defendants filed a Reply in support of the motion, ECF No. 21 ("MTD Reply").  Defendants opposed Plaintiff's motion, ECF No. 18 ("MSJ Opp."), and Plaintiff filed a Reply in support of his motion, ECF No. 20 ("MSJ Reply").

The Court previously found these motions suitable for disposition without oral argument and vacated the joint hearing set for February 6, 2025.  *See* Civ. L.R. 7-1(b); ECF No. 22.  For the reasons stated below, the Court GRANTS Defendants' motion to dismiss (ECF No. 14) and DENIES Plaintiff's motion for summary judgment (ECF No. 9).

## I.    BACKGROUND

The following facts are alleged in Plaintiff's First Amended Complaint, ECF No. 6 ("FAC"), and are taken as true for purposes of a motion to dismiss.

Plaintiff was arrested in 2004 and sentenced to thirty years in the custody of the Santa

1   Clara County Department of Correction.  FAC at 5.  He was ultimately granted parole in 2021,

2   after serving seventeen years of his sentence.  *Id.* at 6.  While Plaintiff was incarcerated, he

3   completed the Santa Clara County Regimented Correction Program ("RCP").  *Id.* at 5.  The RCP

4   is a "boot camp," FAC at 5, aiming to "establish a safe, secure, and humane alternative to longer-

5   term incarceration for adult nonviolent felons and drug offenders," with goals of "expand[ing]

6   [the] range of sentencing options," "promot[ing] productive members of society," "reduc[ing]

7   recidivism, crowding, and costs," and "limit[ing] pretrial and in-custody length of stay."  FAC,

8   Ex. C at Tbl. 6 (ECF 6 at 89).   Plaintiff was to be released upon successful completion of the

9   RCP.  FAC at 5.  He successfully completed the RCP in or around 2005.  *Id.*  However, Santa

10  Clara County Superior Court Judge Andrea Bryan did not order his release at that time.  *Id.* at 4.

11      Plaintiff also states that he was "selectively and/or wrongfully prosecuted by the Santa

12  Clara County Court, and Santa Clara County District Attorney's Office."  *Id.* at 5.  In addition, "he

13  was provided ineffective assistance of counsel" because his counsel "fail[ed] to argue and/or

14  present to the court Plaintiff's successful completion" of the RCP Program.  *Id.* at 6.

15      Proceeding *pro se*, Plaintiff filed this action on September 10, 2024 against Defendants

16  Santa Clara County Superior Court, Santa Clara County District Attorney's Office, and Santa

17  Clara County Alternate Defender's Office.  ECF No. 1.  He filed an Amended Complaint on

18  October 8, 2024, against Defendants Santa Clara County Superior Court Judge Andrea Bryan, the

19  District Attorney of Santa Clara County, and former attorney Jess Guy of the Santa Clara County

20  Alternate Defender's Office.  ECF No. 6.  He brings four claims for relief: (1) a 42 U.S.C. § 1983

21  claim for violation of his Fifth Amendment rights, (2) a 42 U.S.C. § 1983 claim for violation of

22  his Sixth Amendment rights due to ineffective assistance of counsel, (3) a 42 U.S.C. § 1983 claim

23  for violation of his Due Process rights under the Fourteenth Amendment, and (4) a 42 U.S.C.

24  § 1983 claim for violation of his Equal Protection rights under the Fourteenth Amendment.

25      Now before the Court is Plaintiff's motion for summary judgment on all claims (ECF No.

26  9) and Defendants Jess Guy and County of Santa Clara's (hereinafter, "Defendants") motion to

27  dismiss the First Amended Complaint (ECF No. 14).

28

1

## II.    LEGAL STANDARD

### A.    Motion to Dismiss

"A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

"A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted 'tests the legal sufficiency of a claim.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1241–42 (9th Cir. 2011) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)).  When determining whether a claim has been stated, the Court accepts as true all well-pled factual allegations and construes them in the light most favorable to the plaintiff.  *Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 690 (9th Cir. 2011).  However, the Court need not "accept as true allegations that contradict matters properly subject to judicial notice" or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (internal quotation marks and citations omitted).  While a complaint need not contain detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

In deciding whether to grant leave to amend, the Court must consider the factors set forth by the Supreme Court in *Foman v. Davis*, 371 U.S. 178 (1962), and discussed at length by the Ninth Circuit in *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048 (9th Cir. 2003).  A district court ordinarily must grant leave to amend unless one or more of the *Foman* factors is present: (1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies by amendment, (4) undue prejudice to the opposing party, or (5) futility of amendment. *Eminence Capital*, 316 F.3d at 1052.  "[I]t is the consideration of prejudice to the opposing party that carries the greatest weight." *Id.*  However, a strong showing with respect to one of the other factors may

*United States District Court*
*Northern District of California*

1    warrant denial of leave to amend.  *Id.*

2    **B.  Motion for Summary Judgment**

3         Federal Rule of Civil Procedure 56 governs motions for summary judgment.  Summary

4    judgment is appropriate if the evidence and all reasonable inferences in the light most favorable to

5    the nonmoving party "show that there is no genuine issue as to any material fact and that the

6    moving party is entitled to a judgment as a matter of law."  *Celotex Corp. v. Catrett*, 477 U.S. 317,

7    322 (1986).  In judging evidence at the summary judgment stage, the Court "does not assess

8    credibility or weigh the evidence, but simply determines whether there is a genuine factual issue

9    for trial."  *House v. Bell*, 547 U.S. 518, 559–60 (2006) (Roberts, J., concurring in part).  A fact is

10   "material" if it "might affect the outcome of the suit under the governing law," and a dispute as to

11   a material fact is "genuine" if there is sufficient evidence for a reasonable trier of fact to decide in

12   favor of the nonmoving party.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

13   **III.    DISCUSSION**

14   **A.  Plaintiff's Section 1983 Claims are Time Barred**

15        "A claim may be dismissed under Rule 12(b)(6) on the ground that it is barred by the

16   applicable statute of limitations only when 'the running of the statute is apparent on the face of the

17   complaint.'"  *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir.

18   2010) (quoting *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 997 (9th Cir. 2006)).  "'Statute of

19   limitations' is the collective term applied to acts or parts of acts that prescribe the periods beyond

20   which a plaintiff may not bring a cause of action."  *Fox v. Ethicon Endo-Surgery, Inc.*, 35 Cal. 4th

21   797, 806 (2005).  The plaintiff must bring their claim "within the limitations period after accrual

22   of the cause of action."  *Id.* (citing Cal. Code Civ. Proc. § 312).

23        Plaintiff asserts various claims under 42 U.S.C. § 1983.  "For actions under 42 U.S.C.

24   § 1983, courts apply the forum state's statute of limitations for personal injury actions, along with

25   the forum state's law regarding tolling, including equitable tolling, except to the extent any of

26   these laws is inconsistent with federal law."  *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004)

27   (citing *Fink v. Shedler*, 192 F.3d 911, 914 (9th Cir. 1999)).  The accrual date, however, is

28   governed by federal law, under which a cause of action generally accrues "when the plaintiff

United States District Court
Northern District of California

4

1    knows or has reason to know of the injury which is the basis of the action." *Bird v. Dep't of Hum.*

2    *Servs.*, 935 F.3d 738, 743 (9th Cir. 2019) (quoting *Knox v. Davis*, 260 F.3d 1009, 1013 (9th Cir.

3    2001)).  In California, the statute of limitations for personal injury actions is two years.  Cal. Code

4    Civ. Proc. § 335.1.

5         Defendants argue that Plaintiff's claims are untimely, because they accrued at the latest in

6    2006.  MTD at 5.  Although statutory or equitable tolling can sometimes extend the limitations

7    period for a claim, Defendants argue that neither applies to Plaintiff's case.  *Id.* at 5–6.  In

8    response, Plaintiff argues that his claims are timely because his parole was discharged on

9    November 9, 2022 and he filed his claims within two years of that date.  MTD Opp. at 1–2.

10        Plaintiff's section 1983 claims are time-barred.  Contrary to Plaintiff's argument, his

11    parole discharge date is not the relevant accrual date for the claims in this action.  Rather, his

12    Complaint alleges that the events giving rise to the claims—i.e., the failure to release him at the

13    time that he successfully completed the RCP—occurred in 2005 or 2006.  FAC at 4–5.

14    Defendants are therefore correct that Plaintiff knew, or had reason to know, of his injury in 2006

15    at the latest, since his Complaint as pled indicates (1) that he knew he "was to be released" at the

16    end of the RCP, and (2) that Judge Bryan did not order his release at that time.  *Id.*  Under the

17    applicable two-year statute of limitations, Plaintiff had only until 2008 to file his section 1983

18    claims, yet he failed to file suit until sixteen years later.

19        Moreover, the statute of limitations on Plaintiff's claims was not tolled.  Although

20    California does have a statute tolling causes of action due to "[d]isability of imprisonment," Cal.

21    Code Civ. Proc. § 352.1, that provision tolls the limitations period for no more than two years.  *Id.*

22    § 352.1(a).  Thus, assuming that the provision applies to Plaintiff's claims, Plaintiff's lawsuit was

23    still filed approximately fourteen years too late.

24        Likewise, equitable tolling does not save Plaintiff's claims.  "The equitable tolling of

25    statutes of limitations is a judicially created, nonstatutory doctrine" that is "designed to prevent

26    unjust and technical forfeitures of the right to a trial on the merits when the purpose of the statute

27    of limitations—timely notice to the defendant of the plaintiff's claims—has been satisfied."

28    *McDonald v. Antelope Valley Cmty. Coll. Dist.*, 45 Cal. 4th 88, 99 (2008) (citations omitted).

United States District Court
Northern District of California

United States District Court
Northern District of California

1    Equitable tolling applies "when an injured person has several legal remedies and, reasonably and

2    in good faith, pursues one." *Id.* at 100 (internal alterations omitted) (quoting *Elkins v. Derby*, 12

3    Cal.3d 410, 414 (1974)). "The party asserting equitable tolling has the burden to show that the

4    doctrine applies." *Cota v. Santa Ana Police Dep't*, No. 8:21-cv-01774, 2021 WL 5494440, at *6

5    (C.D. Cal. Nov. 23, 2021) (citing *In re Marriage of Zimmerman*, 183 Cal. App. 4th 900, 912

6    (2010), *as modified* Apr. 23, 2010, and *Kleinhammer v. City of Paso Robles*, 385 F. App'x 642,

7    643 (9th Cir. 2010)). Specifically, the plaintiff must show: "timely notice, and lack of prejudice,

8    to the defendant, and reasonable and good faith conduct on the part of the plaintiff." *McDonald*,

9    45 Cal. 4th at 102 (quoting *Addison v. State of California*, 21 Cal. 3d 313, 319 (1978)). Plaintiff

10    has not pled facts going to any of these three requirements, so his Complaint does not provide any

11    basis to find equitable tolling of the statute of limitations on his claims.

12    In light of these deficiencies, the Court hereby DISMISSES all of Plaintiff's section 1983

13    claims as time barred. Because it is clear from the face of the First Amended Complaint that

14    amendment would be futile, this dismissal is WITHOUT LEAVE TO AMEND.

15    **B. Plaintiff's Motion for Summary Judgment Fails**

16    Under Rule 56 of the Federal Rules of Civil Procedure, a court "shall grant summary

17    judgment if the movant shows that there is no genuine dispute as to any material fact and the

18    movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "If a nonmovant shows

19    by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its

20    opposition," then a court may defer or deny the motion. *Id.* 56(d). However, as expressly stated

21    in the Federal Rule, a nonmovant must submit an "affidavit or declaration" to properly invoke this

22    basis for deferral or denial of a summary judgment motion. *See Mackey v. Pioneer Nat. Bank*, 867

23    F.2d 520, 523–24 (9th Cir. 1989) (citing *Brae Transp., Inc. v. Coopers & Lybrand*, 790 F.2d 1439,

24    1443 (9th Cir. 1986), and discussing the precursor subpart of the Federal Rule, *see* Fed. R. Civ. P.

25    56, Advisory Committee Notes, 2010 Amendment)). Defendants failed to provide the requisite

26    declaration or affidavit, so the Court does not defer or deny Plaintiff's motion on that ground.

27    Still, Plaintiff's motion for summary judgment fails because all of Plaintiff's claims are

28    time barred. *Supra* section III.A. Since Plaintiff has failed to plead any claims sufficient to

survive a motion to dismiss, the motion for summary judgment is DENIED.  *See King v. City of San Mateo*, No. 17-cv-04618, 2018 WL 587147, at \*9 (N.D. Cal. Jan. 29, 2018).

**IV.     ORDER**

    For the foregoing reasons, IT IS HEREBY ORDERED that Plaintiff's First Amended Complaint is DISMISSED WITHOUT LEAVE TO AMEND against Defendants County of Santa Clara and Jess Guy.  Plaintiff's Motion for Summary Judgment is DENIED.


    **IT IS SO ORDERED.**


Dated:  February 3, 2025

_____
BETH LABSON FREEMAN
United States District Judge