UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| HOWARD YOUNG,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SANTA CLARA COUNTY, et al.,<br><br>　　　　Defendants. | Case No.  5:24-cv-06343-BLF<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITHOUT LEAVE TO AMEND**<br><br>[Re: Dkt. No. 39] |

Before the Court is Defendant County of Santa Clara's ("the County") Motion to Dismiss Plaintiff's Amended Complaint. Dkt. No. 39 ("Mot."). Plaintiff Howard Young ("Plaintiff" or "Young") opposes the motion. Dkt. No. 42 ("Opp."). The Court finds this motion suitable for resolution without oral argument and hereby VACATES the hearing set for July 10, 2025. *See* Civ. L.R. 7-1(b).

For the following reasons, the Court GRANTS the County's motion. Plaintiff's Complaint is DISMISSED WITHOUT LEAVE TO AMEND against the Santa Clara County District Attorney's Office.

I. **BACKGROUND**

The following facts are alleged in Plaintiff's First Amended Complaint, Dkt. No. 6 ("FAC"), and are taken as true for purposes of a motion to dismiss.

Plaintiff was arrested in 2004 and sentenced to thirty years in the custody of the Santa Clara County Department of Correction. FAC at 5. He was ultimately granted parole in 2021, after serving seventeen years of his sentence. *Id.* at 6. While Plaintiff was incarcerated, he completed the Santa Clara County Regimented Correction Program ("RCP"). *Id.* at 5. The RCP is a "boot camp," FAC at 5, aiming to "establish a safe, secure, and humane alternative to longer-term incarceration for adult nonviolent felons and drug offenders," with goals of "expand[ing] [the] range of sentencing options," "promot[ing] productive members of society," "reduc[ing]

United States District Court
Northern District of California

1  recidivism, crowding, and costs," and "limit[ing] pretrial and in-custody length of stay." FAC,

2  Ex. C at Tbl. 6 (ECF 6 at 89).  Plaintiff was to be released upon successful completion of the

3  RCP.  FAC at 5.  He successfully completed the RCP in or around 2005.  *Id.*  However, Santa

4  Clara County Superior Court Judge Andrea Bryan did not order his release at that time.  *Id.* at 4.

5  Plaintiff also states that he was "selectively and/or wrongfully prosecuted by the Santa Clara

6  County Court, and Santa Clara County District Attorney's Office."  *Id.* at 5.

7  Proceeding *pro se*, Plaintiff filed this action on September 10, 2024 against Defendants

8  Santa Clara County Superior Court, Santa Clara County District Attorney's Office, and Santa

9  Clara County Alternate Defender's Office.  Dkt. No. 1.  He filed an Amended Complaint on

10  October 8, 2024, against Defendants Santa Clara County Superior Court Judge Andrea Bryan, the

11  District Attorney of Santa Clara County, and former attorney Jess Guy of the Santa Clara County

12  Alternate Defender's Office.  Dkt. No. 6.  He brings four claims for relief: (1) a 42 U.S.C. § 1983

13  claim for violation of his Fifth Amendment rights, (2) a 42 U.S.C. § 1983 claim for violation of

14  his Sixth Amendment rights due to ineffective assistance of counsel, (3) a 42 U.S.C. § 1983 claim

15  for violation of his Due Process rights under the Fourteenth Amendment, and (4) a 42 U.S.C.

16  § 1983 claim for violation of his Equal Protection rights under the Fourteenth Amendment.

17  On February 3, 2025, the Court granted the motion to dismiss that had been filed by

18  Defendants County of Santa Clara and former attorney Jess Guy of the Santa Clara County

19  Alternate Defender's Office without leave to amend.  Dkt. No. 24.  The Court also issued an Order

20  to Show Cause why the action should not be dismissed against Defendants Santa Clara County

21  District Attorney's Office and Santa Clara County Superior Court Judge Andrea Bryan.  Dkt. No.

22  25.  Plaintiff did not respond to the Order to Show Cause, so the Court dismissed the entire case

23  on February 19, 2025.  Dkt. No. 26.  On March 19, 2025, Plaintiff filed a motion for

24  reconsideration, explaining that he mistakenly believed that serving process on the County of

25  Santa Clara's Office of County Counsel was sufficient to effect service upon the Santa Clara

26  County District Attorney's Office and Judge Andrea Bryan.  Dkt. No. 27 at 1.  Based on Plaintiff's

27  *pro se* status, the Court granted him ninety (90) days to effectuate service on those two defendants.

28  Dkt. No. 28.  Thereafter, the County of Santa Clara filed another motion to dismiss, stating that

the District Attorney's Office is not a separately suable entity under 42 U.S.C. § 1983.  Mot. at 1.

## II.     LEGAL STANDARD

"A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'"  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

"A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted 'tests the legal sufficiency of a claim.'"  *Conservation Force v. Salazar*, 646 F.3d 1240, 1241–42 (9th Cir. 2011) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)).  When determining whether a claim has been stated, the Court accepts as true all well-pled factual allegations and construes them in the light most favorable to the plaintiff.  *Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 690 (9th Cir. 2011).  However, the Court need not "accept as true allegations that contradict matters properly subject to judicial notice" or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."  *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (internal quotation marks and citations omitted).  While a complaint need not contain detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*

In deciding whether to grant leave to amend, the Court must consider the factors set forth by the Supreme Court in *Foman v. Davis*, 371 U.S. 178 (1962), and discussed at length by the Ninth Circuit in *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048 (9th Cir. 2003).  A district court ordinarily must grant leave to amend unless one or more of the *Foman* factors is present: (1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies by amendment, (4) undue prejudice to the opposing party, or (5) futility of amendment.  *Eminence Capital*, 316 F.3d at 1052.  "[I]t is the consideration of prejudice to the opposing party that carries the greatest weight."  *Id.*  However, a strong showing with respect to one of the other factors may

3

1    warrant denial of leave to amend.  *Id.*

2    **III.    DISCUSSION**

3    The Court dismisses Plaintiff's claims against the Santa Clara County District Attorney's

4    Office[1] without leave to amend, because Plaintiff's claims are barred by the statute of limitations.

5    As explained in the Court's prior Order, "[a] claim may be dismissed under Rule 12(b)(6) on the

6    ground that it is barred by the applicable statute of limitations only when 'the running of the

7    statute is apparent on the face of the complaint.'"  *Von Saher v. Norton Simon Museum of Art at*

8    *Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010) (quoting *Huynh v. Chase Manhattan Bank*, 465 F.3d

9    992, 997 (9th Cir. 2006)); *see* Dkt. No. 24 at 4–6.  "'Statute of limitations' is the collective term

10   applied to acts or parts of acts that prescribe the periods beyond which a plaintiff may not bring a

11   cause of action."  *Fox v. Ethicon Endo-Surgery, Inc.*, 35 Cal. 4th 797, 806 (2005).  The plaintiff

12   must bring their claim "within the limitations period after accrual of the cause of action."  *Id.*

13   (citing Cal. Code Civ. Proc. § 312).

14   "For actions under 42 U.S.C. § 1983, courts apply the forum state's statute of limitations

15   for personal injury actions, along with the forum state's law regarding tolling, including equitable

16   tolling, except to the extent any of these laws is inconsistent with federal law."  *Jones v. Blanas*,

17   393 F.3d 918, 927 (9th Cir. 2004) (citing *Fink v. Shedler*, 192 F.3d 911, 914 (9th Cir. 1999));

18   *Klein v. City of Beverly Hills*, 865 F.3d 1276, 1278 (9th Cir. 2017).  In California, the statute of

19   limitations for personal injury actions is two years.  Cal. Code Civ. Proc. § 335.1.  The accrual

20   date, however, is governed by federal law, under which a cause of action generally accrues "when

21   the plaintiff knows or has reason to know of the injury which is the basis of the action."  *Bird v.*

---

[1] The County argues that the Santa Clara County District Attorney's Office is "not a separately suable entity."  Mot. at 4 (citing *Vance v. Cnty. of Santa Clara*, 928 F. Supp. 993, 996 (N.D. Cal. 1996), and *Banks v. San Mateo Cnty. Dist. Attorney's Off.*, No. 24-cv-08681, 2025 WL 1150702, at *6 (N.D. Cal. Apr. 18, 2025)).  Not all courts in this circuit have agreed with that proposition, *see, e.g.*, *Nazir v. Cnty. of Los Angeles*, No. 10-cv-06546, 2011 WL 819081, at *5 (C.D. Cal. Mar. 2, 2011), and Ninth Circuit authority suggests that the analysis requires consideration of whether the Santa Clara County District Attorney's Office is considered a "public entity" under California law, *see Duarte v. City of Stockton*, 60 F.4th 566, 573–74 (9th Cir. 2023), *cert. denied*, 143 S. Ct. 2665 (citing *Streit v. Cnty. of Los Angeles*, 236 F.3d 552, 565–66 (9th Cir. 2001), and finding a police department to be a separately suable entity under section 1983).  The Court need not resolve this question, as the suit is clearly time-barred and is dismissed with prejudice against the District Attorney's Office on that basis.

*Dep't of Hum. Servs.*, 935 F.3d 738, 743 (9th Cir. 2019) (quoting *Knox v. Davis*, 260 F.3d 1009, 1013 (9th Cir. 2001)).

As Defendant correctly argues, *see* Mot. at 4–6, the Court has already determined that Plaintiff's Amended Complaint evinces an accrual date no later than 2006, which was the time at which he was not released despite his completion of the RCP. Dkt. No. 24 at 4–5. The statute of limitations on Plaintiff's claims could only have been tolled by—at most—two years, based on California's statutory provision permitting tolling of causes of action due to "[d]isability of imprisonment." Dkt. No. 24 at 5–6 (citing Cal. Code Civ. Proc. § 352.1(a)). Therefore, the latest year in which Plaintiff could have asserted these claims was 2010, meaning that Plaintiff filed this action approximately fourteen years too late. Plaintiff's opposition brief does not substantively respond to Defendant's identification of these fatal flaws in his Complaint. *See* Opp. at 1–2 (noting only that "Santa Clara County Counsel [] said that they were not representing Defendant[s] Santa Clara County District Attorney's Office and/or former Judge Andrea Bryan previously, but want to now move for dismissal on their behalf" and requesting a "Stay and Abeyance, pending resolution of the Ninth Circuit Court of Appeals").[2]

All claims against the Santa Clara County District Attorney's Office are DISMISSED. Because the claims are clearly time-barred, any attempt at amendment would be futile. *See Eminence Capital*, 316 F.3d at 1052. Thus, this dismissal is WITHOUT LEAVE TO AMEND.

## IV.  ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that Plaintiff's claims against the Santa Clara County District Attorney's Office are DISMISSED WITHOUT LEAVE TO AMEND.

**IT IS SO ORDERED.**

Dated: June 17, 2025

_____
BETH LABSON FREEMAN
United States District Judge

---

[2] The Court has already denied as moot Plaintiff's request for a stay of this action, since the Ninth Circuit dismissed Plaintiff's appeal on May 27, 2025. *See* Dkt. Nos. 41, 44.