UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| HOWARD YOUNG,<br><br>    Plaintiff,<br><br>    v.<br><br>SANTA CLARA COUNTY, et al.,<br><br>    Defendants. | Case No. 5:24-cv-06343-BLF<br><br>**ORDER GRANTING MOTION TO DISMISS FIRST AMENDED COMPLAINT WITHOUT LEAVE TO AMEND**<br><br>[Re: ECF No. 52] |

Before the Court is Defendant Honorable Andrea Bryan's motion to dismiss Plaintiff Howard Young's suit against her personally and in her official capacity as former Judge of the Superior Court of California, County of Santa Clara. ECF 52. Mr. Young filed this pro se § 1983 action against Judge Bryan[1] for violation of his constitutional rights for "fail[ure] to order [his] release[] upon successful completion of the Regimented Correction Program." First Amended Complaint ("FAC") at 4, ECF 8. All other defendants were previously dismissed. *See* ECF 24, 46. Judge Bryan moves to dismiss the FAC for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). See Def.'s Mot. to Dismiss ("Mot.") at 2, ECF 52. The motion has been fully briefed. *See* Pl.'s Resp., ECF 53; Def.'s Reply, ECF 54. The hearing is scheduled for November 20, 2025. The Court finds this motion suitable for resolution without oral argument and VACATES the hearing set for November 20, 2025. *See* Civ. L.R. 7-1(b).

For the reasons discussed below, Judge Bryan's motion to dismiss is GRANTED. The

---

[1] The Court notes that in the First Amended Complaint, Plaintiff named as a party "Santa Clara County Court- Andrea Bryan," ECF 6 at 2. The Court construes this designation as pertaining only to Judge Bryan based on the allegations in the First Amended Complaint. The Court Clerk shall mark as "Terminated" any reference to Santa Clara County Court as a separate party.

FAC is DENIED WITHOUT LEAVE TO AMEND.

## I. BACKGROUND

The following facts are derived from Mr. Young's FAC, which the Court accepts as true for the purposes of this motion. Mr. Young was arrested in 2004 and placed in the custody of Santa Clara County, after which he successfully completed the Santa Clara County Regimented Correction Program ("Program") in 2005. FAC at 5. Plaintiff alleges that he was "selectively and/or wrongfully prosecuted by the Santa Clara County Court" and sentenced to a term of thirty years. *Id.* Other individuals who successfully completed the Program were released, and Mr. Young thus alleges that Judge Bryan's failure to order his release in 2005 constituted a violation of his due process and equal protection rights. *Id.* at 4. Mr. Young requests a jury trial and $9,000,000 in damages. *Id.* at 6.

Judge Bryan moves to dismiss, arguing that the Court lacks subject matter jurisdiction because the Eleventh Amendment bars this suit. Mot. at 2.

## II. LEGAL STANDARD

A district court must dismiss a suit at any point in proceedings that it determines that it lacks subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. The party asserting subject matter jurisdiction has the burden of proving that the court has jurisdiction over the claims. *Robinson v. United States*, 586 F.3d 683, 685 (9th Cir. 2009).

The Eleventh Amendment's grant of sovereign immunity bars monetary relief against state entities and extends to individual defendants acting in their official capacities. *See Pena v. Gardner*, 976 F.2d 469, 472 (9th Cir. 1992). Where a state official is sued in her individual capacity, the Eleventh Amendment bars suit "[i]f the state officials can show that the action is in essence one for recovery of money from the state, the state is the real, substantial party in interest and is entitled to invoke its sovereign immunity from suit." *Hyland v. Wonder*, 117 F.3d 405, 413 (9th Cir. 1997), amended by 127 F.3d 1135 (9th Cir. 1997) (internal quotation marks omitted).

## III. DISCUSSION

Judge Bryan argues that because the "Superior Court of the State of California has sovereign immunity as an arm of the state," the suit against Judge Bryan, acting in her official

2

capacity, is "no different from a suit against the State itself." Mot. at 3 (first quoting *Munoz v. Superior Ct. of Los Angeles Cnty.*, 91 F.4th 977, 980 (9th Cir. 2024); then quoting *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)). Because the California Rules of Court provide that the State of California offers representation, defense, and indemnification of judicial officers, Judge Bryan argues that this suit against her in her individual capacity "arising from her official court rulings" is in substance indistinguishable from a suit against her in her official capacity. *See id.* at 3–4. Mr. Young reiterates that he seeks damages from Judge Bryan in both her personal and official capacity. Pl.'s Resp. at 2, ECF 53. He contends that "this Court has subject matter jurisdiction[,] and this action should be allowed to proceed." *Id.*

The Court agrees with Judge Bryan that Mr. Young has failed to demonstrate that the Court has subject matter jurisdiction over this action. There is no dispute that Judge Bryan was acting in her official capacity as a judicial official of the State of California and that this action at bottom amounts to an attempt to seek judicial review in a federal forum of state judicial proceedings. The suit against Judge Bryan in her personal capacity is self evidently equivalent to a suit against her in her official capacity, since the only conduct on her part that Mr. Young alleges deprived him of his constitutional rights was her judicial determinations. Because this jurisdictional defect cannot be cured by amendment, the Court agrees with Judge Bryan that it should be dismissed with prejudice.

### IV.  ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that the FAC is DISMISSED WITHOUT LEAVE TO AMEND.

All defendants having been dismissed, judgment will be entered, and the case will be closed.

Dated: September 18, 2025

_____
BETH LABSON FREEMAN
United States District Judge

3